UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 12-33-HRW

BOYD COUNTY, *ex rel.* Phillip Hedrick,
County Attorney of Boyd County, Kentucky, *et al.*,            PLAINTIFFS,

v.                      **MEMORANDUM OPINION AND ORDER**

MERSCORP, INC., *et al.*,                                      DEFENDANTS.

This matter is before the Court upon Defendants' Motion to Dismiss the First Amended Complaint [Docket No. 105]. The motion has been fully briefed by the parties [Docket Nos. 110 and 113] and, for the reason set forth herein, the Court finds that the First Amended Complaint fails to state any claim upon which relief can be granted and, thus, this dismissal is warranted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This civil action was filed by forty-one County Attorneys on behalf of forty-one Kentucky counties: Boyd County, Breathitt County, Carter County, Christian County, Clark County, Floyd County, Franklin County, Greenup County, Johnson County, Letcher County, Magoffin County, Mason County, Pike County, Warren County, Ballard County, Barren County, Boone County, Carlisle County, Estill County, Garrard County, Hancock County, Harlan County, Hart County, Henry County, Hickman County, LaRue County, Laurel County, Lewis County, Logan County, Menifee County, Monroe County,

Montgomery County, Nelson County, Nicholas County, Ohio County, Oldham County, Perry County, Rockcastle County, Spencer County, Trimble County and Wolfe County. Plaintiffs allege that the financial institutions and mortgage / title companies Defendants devised and executed a scheme to avoid paying recording fees for mortgage assignments.

Specifically, Plaintiffs allege that the Defendants, shareholders of Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") established the MERS system in the mid-1990s to act as an electronic clearinghouse for the transfer of mortgage interests among its members expressly to avoid recording mortgage assignments with local recording systems and to avoid paying requisite recording fees [Docket No. 88 at ¶ 82]. Plaintiffs maintain that the MERS system circumvents the mortgage assignment recordation system of Kentucky's counties by facilitating the selling and buying of notes secured by real property without complying with Kentucky's requirements for the recordation of mortgage assignments. *Id.* Plaintiffs claim that the Defendants deliberately failed to record required mortgage assignments in the proper Kentucky county recording offices, and, as a result, deprived each county and the Commonwealth of Kentucky of recording fees required by Kentucky law. They further allege that the Defendants filed false mortgage documents, and, therefore deprived mortgagees of their statutorily required notice of mortgage assignments [Docket No. 88 at ¶ 75].

In their First Amended Complaint [Docket No. 88], Plaintiffs allege the following causes of action: (1) negligent and/or will violation of KRS 382.360 [Docket No. 88 at

2

¶¶ 107-109], (2) negligent and/or will violation of KRS 434.155 [Docket No. 88 at ¶¶ 110-112], (3) fraud [Docket No. 88 at ¶¶ 113-117], (4) unjust enrichment [Docket No. 88 at ¶¶ 118-121] and (5) civil conspiracy to violate KRS 382.360 and 434.155 [Docket No. 88 at ¶¶ 122-125].

Subsequently, Defendants sought entry of an order staying all proceedings in this matter pending final resolution of *Christian County Clerk v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. No. 12-5237), a case involving the same legal issues presented in this case as well as several of the same Defendants. This Court sustained Defendants' motion and this matter was stayed. Following the Sixth Circuit Court of Appeals's decision in *Christian County*, the stay was lifted. Defendants now seek dismissal of all claims against them.

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). For purposes of dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The standard for dismissal is liberal. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

*see also, Monette v. Electronic Data Systems, Corp.*, 90 F/3d 1173, 1189 (6th Cir. 1996). As a motion to dismiss is based solely upon the complaint, the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See, Roth Steel Prods v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

### III. ANALYSIS

**A. Plaintiffs cannot maintain an action for violation of KRS. 382.360**

**1. Kentucy's recording system**

KRS Chapter 382 provides a system by which landowners record ownership of property through deeds, mortgage owners preserve priority and landowners remove encumbrances from their property once underlying debts are satisfied. Each step is codified as follows: Recording of deeds that are "acknowledged by the part[ies] who execute [them]" and "proved and lodged for record in the proper office, as prescribed by law." KRS 382.080. The statutes also provide for recording of mortgages, which, like deeds, are recorded in "the county clerk's office of the county in which the property . . . is located." KRS 382.110. Instruments generally must indicate the "next immediate source from which the grantor derived title to the property or the interest conveyed therein," thereby showing the chain of title. *Id.* Instruments which satisfy these requirements and are properly acknowledged are recorded by the County Clerk. KRS 382.130.

Chapter 382 further provides for recording of releases and assignments of

4

mortgages incertain circumstances. A mortgage can be released by recording a deed of release or by entering a marginal notation on the mortgage instrument. KRS 382.360(1)-(2)). Similarly, a mortgage may be assigned by a deed of assignment. KRS 382.360(3)). Failure to record a mortgage assignment has no effect on the validity or perfection of the mortgage. KRS 382.360(6)). If the borrower pays her loan in full, but the lienholder does not timely release the mortgage, the borrower may sue to compel release of the mortgage and the recording of an intervening mortgage assignment required for the release. KRS 382.365(3)-(5). The statutory scheme ensures that, as a general rule, a mortgage recorded first has priority over a mortgage recorded later. *MERS v. Roberts*, 366 S.W.3d 405, 411 (Ky. 2012). Recording of mortgages allows mortgage-holders to stake their claims to priority, although the records do not serve as a source of information about lenders; indeed, "[t]he identity of the lender is not truly relevant to whether the purposes of the recording statutes are being promoted." *Id.* at 413.

Plaintiffs seek redress for Defendants alleged violation of this system. However, as the Court of Appeals for the Sixth Circuit recently held, Plaintiffs lack a private right of action in this regard. *Christian County v. MERS*, 515 Fed. Appx. 451, 2013 WL 565198 (C.A.6 (Ky.)).

2. ***Christian County***

The plaintiffs in *Christian County* were clerks of two Kentucky counties who, as in this case, alleged that the defendants did not create and record assignments of mortgages

5

when interests in MERS-registered notes were transferred. 2013 WL 565198, at *1. As in this case, the plaintiffs in *Christian County* alleged a violation of KRS 382.360, and common law claims for conspiracy and unjust enrichment. *Id.* The plaintiffs also alleged the same harm as is alleged here: lost recording fees. *Id.* Chief Judge McKinley of the Western District dismissed the *Christian County* complaint, holding that the plaintiff clerks lacked a private right of action under the statutes on which they relied. 2012 WL 566807, at *5 (W.D. Ky. Feb. 21, 2012). The Court reviewed the Kentucky

recording statutes at length, holding that they "reserve[] the cause of action for failure of an assignee to [record] to a real property owner or a party acquiring an interest in the real property." *Id.* at 3. As the plaintiffs did not sue based on any property interest, the Court held they had no right to sue. *Id.* The Sixth Circuit affirmed. It, too, reviewed the recording statutes at issue and concluded that "the recording statutes do not provide a civil remedy for the Clerks to pursue alleged violations." 2013 WL 565198, at *5. The Sixth Circuit declined to recognize an implied right of action under KRS 446.070, ruling that Kentucky's recording statutes protect three distinct groups of persons: (1) existing lienholders and lenders…(2) prospective lienholders and purchasers, and (3) property owners and borrowers whose loans have been satisfied. *Id.* The *Christian County* plaintiffs did not fit any of these categories, and, as such, they lacked a private right to sue. Nor did the fact that clerks were responsible for recording documents related to real property create a cause of action: "[u]nder [that] rationale, every public officer would

6

have a private right of action under the law he or she administers," which is not the law. 2013 WL 565198, at *5.

The Sixth Circuit further ruled that the clerks' conspiracy and unjust enrichment claims failed, finding that each "rest[ed] on the theory that Defendants failed to record assignments as required by Kentucky's recording statutes and thus avoided paying statutorily mandated recording fees." *Id.* at *7 n.7. In addition, the Court held that no unjust enrichment claim could lie because the purportedly conferred benefits were "derived from Kentucky law, not from the Clerks themselves." *Id.* at *8.

### 3. *Christian County* is on-point and controlling.

Defendants argue that *Christian County* is dispositive here and mandates dismissal. This Court agrees. The Sixth Circuit held that the Kentucky General Assembly passed the recording statutes that Plaintiffs invoke in this case to protect three categories of persons, each of which has an interest in real property, to-wit, 1) existing lienholders and lenders . . . (2) prospective lienholders and purchasers, and (3) property owners and borrowers whose loans have been satisfied. Plaintiffs fall outside of these categories. As such, following *Christian County*, they have no right of action under Kentucky law to assert alleged violations of the KRS 382.360.

The fact that Plaintiff are counties, rather than county clerks, as were the plaintiffs in *Christian County*, is of no moment and, as Defendants note, "a distinction without a difference." Under Kentucky law, the "only" way of stating a statutory claim where no

7

right of action exists is through KRS 446.070. *Christian County*, 2013 WL 565198, at *4; *see also id.* at *7 (KRS 446.070 is the "exclusive remedy for a statutory violation where the underlying statute does not provide a remedy"). KRS 446.070 allows for a private right of action only for persons the General Assembly sought to protect – in the case of the recording statutes, persons with interests in land. *Christian County*, 2013 WL 565198, at *5. Neither counties or county clerks fall within the categories articulated by the Sixth Circuit and, thus, neither group can maintain a cause of action for violation of KRS 382.360.

### 4. The various statutes regarding the administration of fiscal courts and the duties of county attorneys do not create a private right of action.

In an effort to elude the grasp of *Christian County*, Plaintiffs contend that other statues provide a private right of action against Defendants. First, Plaintiffs incorrectly rely upon KRS 69.210 in maintaining their right to sue. Section 69.210 is entitled "Duties of county attorney," and it designates the county attorney as the person who litigates cases for or against a county. It provides:

> [A county attorney] "shall …when so directed by the fiscal court or consolidated local government … institute, defend, and conduct all civil actions in which the county or consolidated local government is interested."

KRS 69.210(1).

Section 69.210, however, does not *create* substantive rights. Under Kentucky law a county attorney may only use KRS 69.210 to exercise substantive rights granted

8

elsewhere by the General Assembly. As KRS 69.210 does create new rights, it does not allow counties to enforce recording statutes because the General Assembly has conferred a cause of action only to persons with interests in real property. *Christian County*, 2013 WL 565198, at *6.

Plaintiffs also claim that they can maintain this suit under KRS 67.080(1)(d), which provides that a fiscal court may "[r]egulate and control the fiscal affairs of the county." Plaintiffs' argument fails because KRS 67.080 specifies that "[t]he fiscal court shall not exercise executive authority *except as specifically assigned by statute.*" KRS 67.080(3)(emphasis added).

KRS 64.012 likewise creates no right of action for counties to sue; it instead merely lists the amounts of fees that clerks may assess *when* a person chooses to record a document and the clerk performs a service and records the document. KRS 64.012 ("The county clerk shall receive *for the following services* the following fees....") (emphasis added). Indeed, in *Christian County* the clerks argued that lack of recording of mortgage assignments deprived them of "substantial fees" ; the Sixth Circuit nonetheless found no private right of action to enforce the recording statutes. 2013 WL 565198, at *3.

Finally, Plaintiffs cite KRS 64.350 in another attempt to divine a right of action. KRS 64.350 describes how recording fees are distributed when a party records a document and pays a fee but provides no private right of action to a county.

The General Assembly passed detailed land recording statutes. It created express

9

rights of action in favor of specific parties in specific circumstances, none of which are present in this case. As *Christian County* made abundantly clear, an action can only be implied if it is based upon ownership interests in real property, which Plaintiffs do not have.

**B.      Plaintiffs cannot maintain an action for violation of KRS. 434.155.**

Plaintiffs claim for violation of KRS 434.155 is equally unavailing. This statute, entitled "filing illegal lien," provides:

> A person is guilty of filing an illegal lien when he files a document or lien that he knows or should have known was forged, groundless, contained a material misstatement, or was a false claim. It shall be an affirmative defense that any material misstatement was not intentional.

KRS 434.155(1).

This is, however, a criminal statute. It is axiomatic that a criminal statute cannot be used as a the basis for civil liability where not provided by statute. The only enforcement language in this statute is in the second subsection: "(f)iling an illegal lien is a Class D felony for the first offense, a Class C felony for any second offense, and a Class B felony for any subsequent offense." KRS 434.155(2). Without amending the statute, KRS 434.155 cannot be Plaintiff's vehicle by which to hold Defendants liable for civil damages. *See Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) ("[W]here there is a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone, a private cause of action will not be inferred.").

10

### C. Plaintiffs remaining claims fail as a matter of law.

Plaintiffs also allege common law claims for fraud, unjust enrichment, and civil conspiracy. However, the facts alleged herein are insufficient upon which to maintain these claims.

### 1. Plaintiffs cannot state a claim upon relief can be granted for fraud.

In order to state a viable claim for fraud, Plaintiffs must plead factual allegations demonstrating (1) Defendants made a material representation of an existing fact; (2) the representation was false; (3) Defendants knew the representation was false; (4) the representation was "made with inducement to be acted upon;" (5) the representation was acted upon; and (6) the representation caused injury. *Farmers Bank & Trust Co. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005). Further, these allegations must be plead with particularity. Fed. R. Civ. P. 9(b). Plaintiffs' First Amended Complaint provides no particulars but, rather, simply alleges "Defendants" "systematically and purposefully misrepresented . . . their true interests in mortgages registered in each county's registration system" [Docket No. 88 at ¶ 116]. This bald assertion does not come within striking distance of Rule 9(b). For this reason alone requires dismissal of the fraud claim.

The claim for fraud fails in substance, as well as form. Plaintiffs fail to allege any of the essential elements of fraud. Notably, the First Amended Complaint is devoid of an allegation that Defendants *knew* or were reckless as to the falsity of any statement. *PCR*

11

*Contractors, Inc. v. Danial*, 354 S.W.3d 610, 615 (Ky. App. 2011). Indeed, because Kentucky courts have recognized MERS' role as a valid mortgagee, Defendants had every reason to believe that naming MERS as mortgagee, as nominee for lender and lender's successors and assigns, was and is a true statement. There can be no fraud, per se, in that.

### 2. Plaintiffs cannot state a claim upon relief can be granted for unjust enrichment.

Unjust enrichment is a cause of action " based upon an implied contract, creating an obligation from the recipient of the benefits received to the one bestowing them, to compensate him for whatever outlay he has made in bestowing them." *Christian County*, 2013 WL 565198, at *7 (quoting *Durbin v. Bank of Bluegrass & Trust Co.*, 2006 WL 1510479, at *3 (Ky. App. Jun. 2, 2006) (unpublished)). To state a claim for unjust enrichment, the complaint must allege that the plaintiff conferred a benefit upon the defendant. *Id.* Plaintiffs do not contend that they conferred any benefit on Defendants, but rather accuse the Defendants of wrongfully conferring a benefit upon themselves. The Sixth Circuit explicitly rejected the unjust enrichment claim in *Christian County* for this exact reason – that "the Clerks d[id] not allege that they conferred any benefit to Defendants, but that Defendants 'conferred a benefit upon themselves' by circumventing the recording statutes." *Christian County* 2013 WL 565198, at *8. The Sixth Circuit further recognized that any benefit "would be derived from Kentucky law, not from the Clerks themselves." *Id.*

> 3.  **Plaintiffs cannot state a claim upon relief can be granted for civil conspiracy.**

Under Kentucky law, "civil conspiracy is not a free-standing claim; rather it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort." *Christian County* 2013 WL 565198, at *7. As Plaintiffs' claims under KRS 382.360 and 434.155 fail, the conspiracy claim should be dismissed.

## IV. CONCLUSION

That Plaintiffs take umbrage with Defendants' tactics is not entirely unfounded. However, it is not within this Court's jurisdiction to speak where the General Assembly has been silent or to enable an end-run around s statutory system. "[W]ithout legislative intent, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001).

Having found that Plaintiffs' First Amended Complaint fails to state any claim upon which relief can be granted, **IT IS HEREBY ORDERED** Defendants' Motion to Dismiss the First Amended Complaint [Docket No. 105] be **SUSTAINED** and this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Docket of this Court.

This 25th day of November, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

13