UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 12-33-HRW

BOYD COUNTY, *ex rel.* Phillip Hedrick,
County Attorney of Boyd County, Kentucky, *et al.*,　　　　　　　PLAINTIFFS,

v.　　　　　　**MEMORANDUM OPINION AND ORDER**

MERSCORP, INC., *et al.*,　　　　　　　DEFENDANTS.

## I. INTRODUCTION

This matter is before the Court upon Plaintiff's Motion for Reconsideration and to Certify Question of Law to the Kentucky Supreme Court [Docket No. 123]. The motion has been fully briefed by the parties [Docket Nos. 124 and 125] and, for the reason set forth herein, the Court finds no basis upon which to reconsider its previous ruling and that certification is not warranted.

## II. BACKGROUND

This civil action was filed by forty-one County Attorneys on behalf of forty-one Kentucky counties: Boyd County, Breathitt County, Carter County, Christian County, Clark County, Floyd County, Franklin County, Greenup County, Johnson County, Letcher County, Magoffin County, Mason County, Pike County, Warren County, Ballard County, Barren County, Boone County, Carlisle County, Estill County, Garrard County, Hancock County, Harlan County, Hart County, Henry County, Hickman County, LaRue County, Laurel County, Lewis County, Logan County, Menifee County, Monroe County, Montgomery County, Nelson County, Nicholas County, Ohio County, Oldham County, Perry County, Rockcastle County, Spencer County, Trimble County

and Wolfe County. Plaintiffs allege that the financial institutions and mortgage / title companies Defendants devised and executed a scheme to avoid paying recording fees for mortgage assignments.

Specifically, Plaintiffs allege that the Defendants, shareholders of Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") established the MERS system in the mid-1990s to act as an electronic clearinghouse for the transfer of mortgage interests among its members expressly to avoid recording mortgage assignments with local recording systems and to avoid paying requisite recording fees [Docket No. 88 at ¶ 82]. Plaintiffs maintain that the MERS system circumvents the mortgage assignment recordation system of Kentucky's counties by facilitating the selling and buying of notes secured by real property without complying with Kentucky's requirements for the recordation of mortgage assignments. *Id.* Plaintiffs claim that the Defendants deliberately failed to record required mortgage assignments in the proper Kentucky county recording offices, and, as a result, deprived each county and the Commonwealth of Kentucky of recording fees required by Kentucky law. They further allege that the Defendants filed false mortgage documents, and, therefore deprived mortgagees of their statutorily required notice of mortgage assignments [Docket No. 88 at ¶ 75].

In their First Amended Complaint [Docket No. 88], Plaintiffs alleged the following causes of action: (1) negligent and/or will violation of KRS 382.360 [Docket No. 88 at ¶¶ 107-109], (2) negligent and/or will violation of KRS 434.155 [Docket No. 88 at ¶¶ 110-112], (3) fraud [Docket No. 88 at ¶¶ 113-117], (4) unjust enrichment [Docket No. 88 at ¶¶ 118-121] and (5) civil conspiracy to violate KRS 382.360 and 434.155 [Docket No. 88 at ¶¶ 122-125].

Subsequently, Defendants sought entry of an order staying all proceedings in this matter pending final resolution of *Christian County Clerk v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. No. 12-5237), a case involving the same legal issues presented in this case as well as several of the same Defendants. This Court sustained Defendants' motion and this matter was stayed.

The plaintiffs in *Christian County* were clerks of two Kentucky counties who, as in this case, alleged that the defendants did not create and record assignments of mortgages when interests in MERS-registered notes were transferred. 2013 WL 565198, at *1. As in this case, the plaintiffs in *Christian County* alleged a violation of KRS 382.360, and common law claims for conspiracy and unjust enrichment. *Id.* The plaintiffs also alleged the same harm as is alleged here: lost recording fees. *Id.* Chief Judge McKinley of the Western District dismissed the *Christian County* complaint, holding that the plaintiff clerks lacked a private right of action under the statutes on which they relied. 2012 WL 566807, at *5 (W.D. Ky. Feb. 21, 2012). The Court reviewed the Kentucky recording statutes at length, holding that they "reserve[] the cause of action for failure of an assignee to [record] to a real property owner or a party acquiring an interest in the real property." *Id.* at 3. As the plaintiffs did not sue based on any property interest, the Court held they had no right to sue. *Id.*

On appeal, the Sixth Circuit affirmed this dismissal. It, too, reviewed the recording statutes at issue and concluded that "the recording statutes do not provide a civil remedy for the Clerks to pursue alleged violations." 2013 WL 565198, at *5. The Sixth Circuit declined to recognize an implied right of action under KRS 446.070, ruling that Kentucky's recording statutes protect three distinct groups of persons: (1) existing lienholders and lenders…(2)

3

prospective lienholders and purchasers, and (3) property owners and borrowers whose loans have been satisfied. *Id.* The *Christian County* plaintiffs did not fit any of these categories, and, as such, they lacked a private right to sue. Nor did the fact that clerks were responsible for recording documents related to real property create a cause of action: "[u]nder [that] rationale, every public officer would have a private right of action under the law he or she administers," which is not the law. 2013 WL 565198, at *5.

The Sixth Circuit further ruled that the clerks' conspiracy and unjust enrichment claims failed, finding that each "rest[ed] on the theory that Defendants failed to record assignments as required by Kentucky's recording statutes and thus avoided paying statutorily mandated recording fees." *Id.* at *7 n.7. In addition, the Court held that no unjust enrichment claim could lie because the purportedly conferred benefits were "derived from Kentucky law, not from the Clerks themselves." *Id.* at *8.

Following the Sixth Circuit Court of Appeals's decision in *Christian County*, the stay was lifted and Defendants sought dismissal of this action.

In sustaining the Defendants' Motion to Dismiss, the undersigned issued a detailed opinion finding that *Christian County* was on-point and controlling. This Court held that Plaintiffs lack a private right of action to enforce KRS 382.360 because they are not among the three categories of persons that the Kentucky General Assembly protected when it passed the statute: (1) existing lienholders and lenders; (2) prospective lienholders and purchasers; and (3) property owners whose loans have been satisfied. *[Docket no. 121]. This* Court considered and rejected Plaintiffs' various assertions in support of their argument they had a private right of action under Kentucky law.

4

Now Plaintiffs request that the Court reconsider its earlier opinion, vacate the order of dismissal and certify the following question to the Kentucky Supreme Court: Are Kentucky counties, through their respective county attorneys, authorized under Kentucky law to enforce the requirement of KRS 382.360 that mortgage assignments be recorded?

## III.   MOTION TO RECONSIDER

Although the Federal Rules of Civil Procedure do not contemplate a motion to reconsider, courts evaluate motions to reconsider under the same standard as a motion to alter or amend judgment under Rule 59(e). *Keith v. Bobby*, 618 F.3d 594, 597–98 (6th Cir.2010). The standards for reconsideration are necessarily high. There are only three grounds for a district court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005). *See also, Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997).

Plaintiffs' motion It does not cite any intervening change in the law that applies to this case. It does not offer newly-discovered evidence. And it does not contend that the Court overlooked or ignored any arguments that Plaintiffs made. Rather, Plaintiffs reassert the same arguments that they made to the Court in opposing dismissal of the lawsuit, and which the Court considered and rejected. The Sixth Circuit has held time and time again that a motion for reconsideration is not an opportunity to re-argue a case and "should not be used to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 364 (6th Cir. 1998)(citation omitted).

Although Plaintiffs maintain they should be allowed to file suit to enforce KRS 382.260.

5

The Court considered Plaintiffs' arguments, and held that the Sixth Circuit's decision in *Christian County* applies with equal force to their claims. The channel for Plaintiffs to express disagreement is an appeal, not a motion for reconsideration.

## IV. MOTION TO CERTIFY QUESTION OF LAW TO KENTUCKY SUPREME COURT

In addition to reconsideration, Plaintiffs ask this Court to certify the question of whether they authorized to enforce KRS 382.360 to the Supreme Court. . Resort to this procedure is within the discretion of the district court. *Transam. Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir.1995). Federal courts generally "will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Pennington v. State Farm Mutual Insurance Company*, 553 F.3d 447, 450 (6th Cir. 2009). This Court is mindful that in the context of a request for certification, the state court need not have addressed the exact question at issue, so long as well-established principles exist to govern a decision. *Id. citing Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir.2007).

In this case, the Court is not inclined to "trouble" the Kentucky Supreme Court. Plaintiffs have not shown that the requirements for certification under Kentucky law are satisfied. According to Kentucky Rules of Civil Procedure 76.37, which provides for certification of law, specifically states that certification is appropriate only when there is "no controlling precedent" for a federal court to apply. CR 76.37. Here, in *Christian County*, the Sixth Circuit provided guidance regarding the availability of a private right of action, relying on controlling Kentucky appellate precedent. In its opinion, the Sixth Circuit relied on numerous Kentucky decisions, including *Lewis v. B & R Corp.*, 56 S.W.3d 432 (Ky. App. 2001); *Young v. Carran*,

6

289 S.W.3d 586 (Ky. App. 2008); *Hargis v. Baize*, 168 S.W.3d 36 (Ky. 2005); *Econ. Optical Co. v. Ky. Bd. of Optometric Exam'rs*, 310 S.W.2d 783 (Ky.1958); *Wells Fargo Fin. Ky., Inc. v. Thomer*, 315 S.W.3d 335 (Ky. App. 2010); *Trio Realty Co. v. Queenan*, 360 S.W.2d 747, 748-49 (Ky.1962); *Creech v. Wis. Steel, Coal & Coke Co.*, 291 S.W. 385 (Ky. 1927); *Union Planters Bank, N.A. v. Hutson*, 210 S.W.3d 163 (Ky. App.2006); *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116 (Ky. 1988); *MPM Fin. Grp., Inc. v. Morton*, 289 S.W.3d 193 (Ky. 2009). Therefore, it cannot be said that there was no controlling precedent for the Court to apply.

Nor would Plaintiffs' proposed question be "determinative" of the case as contemplated in Ky. CR 76.37. Even if the proposed question were resolved in Plaintiffs' favor, numerous other issues would remain unaffected and would remain. As Defendants point out, in seeking dismissal, they argued that the First Claim failed to state a cognizable claim because (1) under Kentucky law, the transfer of an interest in a promissory note does not require Defendants to record a mortgage assignment; and (2) Kentucky's recording statutes apply only to existing documents, and impose no duty to create documents. If this claim survived dismissal, Defendants would be entitled to assert defenses such as laches and waiver. In these circumstances, courts regularly deny requests for certification. *See e.g. Kiesler v. SCM Corp.*, 1989 WL 125591, at *1 (W.D. Ky. Apr. 7, 1989) ("Although the resolution of this question might be helpful, it would not dispose of the entire case and, thus, is not a proper question to certify to the state court."). *See also, Carey v. Wolnitzek*, 2007 WL 2726121, at *11 (E.D. Ky. Sept. 17, 2007) (rejecting certification of question that was "not 'determinative' of" plaintiff's lawsuit).

7

Further, post-judgment requests for certification after a litigant has lost are strongly disfavored in this circuit. *Town of Smyrna, Tennessee v. Municipal Gas Authority*, 723 F.3d 640. *See also, Geronimo v. Caterpillar, Inc.*, 440 F. App'x 442, 449 (6th Cir. 2011) ("[C]ertification is disfavored where a plaintiff files in federal court but then, 'in light of an unfavorable judgment, seek[s] refuge' in a state forum"). "The appropriate time to seek certification of a state-law issue is **before** a District Court resolves the issue, not after receiving an unfavorable ruling" *Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC*, 311 F. App'x 827, 832 (6th Cir. 2009)(emphasis added). In this case, Plaintiffs failed to raise the issue of certification in the two years this case was pending before this Court. To the contrary, they staunchly maintained the law was clear and in their favor.

Finally, it was Plaintiffs who selected to proceed in federal court, which renders their plea to be sent to state court somewhat disingenuous. In *Shaheen v. Yonts,* the undersigned, sitting by designation, observed, "at least one circuit court has recognized that certification is not favored when the moving party chose the federal forum." *Shaheen v. Yonts*, 394 Fed.Appx, 224, 233 (6th Cir. 2010) *citing Cantwell v. University of Mass.*, 551 F.2d 879, 880 (1st Cir.1977)("We do not look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort."). *See also* [her] state action in the federal forum . . . must ordinarily accept the federal court's reasonable interpretation of extant state law rather than seeking extensions via the certification process'"). Having availed itself of this Court's jurisdiction, Plaintiffs are in a "peculiarly poor position to seek certification." *Shaheen*, 394 Fed..Appx. at 244 (citation omitted).

Plaintiffs bear the burden of showing certification is warranted and they have failed to

8

demonstrate that this is one of the rare cases requiring certification.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and to Certify Question of Law to the Kentucky Supreme Court [Docket No. 123] be **OVERRULED**.

This 30th day of April, 2014.

